IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERMAN T. JOHNSON,

    Plaintiff,　　　　　　　　　　CV F 03 5228 OWW WMW P

 vs.　　　　　　　　　　　　　　　　ORDER

DR. DANG, et al.,

    Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff is an inmate in the custody of the California Department of Corrections at Corcoran State Prison. Plaintiff brings this civil rights action against correctional officials employed by the Department of Corrections at CSP Corcoran. Plaintiff claims that he was denied due process in the prison grievance process, and that he was denied adequate medical treatment. Plaintiff names the following defendants: George Galaza; Dr. Dang; Dr. Yee; Medical Technical Assistant (MTA) Jones; MTA Fahey; C. Hollis; Linda Melching.

This case proceeds on the first amended complaint. In the order dismissing the original complaint with leave to amend, the court noted the following. Plaintiff suffers from an

1

injury he received while housed at Pelican Bay State Prison in 1993. Though it is unclear from the complaint, plaintiff appears to allege that he was deprived of adequate medical care at Corcoran in 1994, 1995, 1996, and 1999. Plaintiff's claims regarding the inmate grievance process refer to his attempts at challenging his medical care.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."

1   First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second,
2   a court must determine whether "officials intentionally interfered with [the plaintiff's] medical
3   treatment."  Id. at 1132.

4   Plaintiff's allegations regarding his medical care are wholly conclusory.  Plaintiff
5   states generally that he was denied medical care, but does not specifically allege when such
6   violations occurred.  Plaintiff does not charge any of the named defendants with specific conduct
7   that constitutes deliberate indifference, as that term is described above.  An allegation that
8   defendants were deliberately indifferent to plaintiff's medical needs is insufficient to state a
9   claim for relief.   Plaintiff must allege facts indicating that each defendant knew of, and
10  disregarded, a serious risk to plaintiff's health.   He has failed to do so.

11  As to defendant Warden Galaza, plaintiff may not sue on the basis of supervisory
12  liability.  A supervisor may be liable under § 1983 only if there exists either "'(1) his or her
13  personal involvement in the constitutional deprivation, or (2) a sufficient causal connection
14  between the supervisor's wrongful conduct and the constitutional violation.'" Redman v. County
15  of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(quoting Hansen v. Black, 885 F.2d 642, 646
16  (9th Cir. 1989)); see also MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995).

17  Plaintiff refers to a prison grievance process, plaintiff alleges that defendants
18  Hollis and Melching chose to "cover up the conduct of medical staff," and that they had
19  knowledge of plaintiff's medical needs, yet refused to take his allegations seriously.   As noted
20  above, plaintiff has not sufficiently alleged facts that state a claim for constitutionally inadequate
21  medical care.   Hollis and Melching cannot therefore be liable for denying plaintiff's grievances.

22  Further, prisoners have no constitutional right to an inmate grievance system.
23  Olim v. Wakinekona, 461 U.S. 238, 249 (1983). "[A prison] grievance procedure is a procedural
24  right only, it does not confer a substantive right upon the inmates." Buckley v. Barlow, 997 F.2d
25  494, 495 (8th Cir. 1993)(citing Azeez v. DeRobertis, 568 F. Supp. 8, 10, N.D. Ill. 1982)); see also
26

Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F.Supp. at 10; Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo. 1986). Thus, a prison official's involvement and actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

In the order dismissing the original complaint, the court found the allegations in plaintiff's complaint so vague and conclusory that it was unable to determine whether the action is frivolous or fails to state a claim for relief. The court determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

In the first amended complaint, plaintiff names the above defendants and adds Dr. Hasadsri and Dr. Kim. In the first amended complaint, plaintiff alleges that the claims stem from an injury suffered by plaintiff in 1993. Specifically, plaintiff suffered an injury involving a television, in which plaintiff had foreign objects embedded in his skull. Plaintiff contends that he is still being denied adequate treatment from that incident.

On December 18, 2000, summary judgment was entered against plaintiff in Johnson v. Mclennan, CV F 96 5834 LJO P. Specifically, the court entered summary judgment against plaintiff on his Eighth Amendment medical care claim. The court found the following:

> The undisputed facts show that, during a cell fight at Pelican Bay State Prison on November 9, 1993, a television set was thrown, causing plaintiff to sustain a head injury. Plaintiff was taken to the hospital, where the laceration to his scalp was treated. An x-ray of plaintiff's facial bones revealed no fractures. On December 23, 1994, plaintiff informed the medical staff that glass remained in his head and that he wanted it removed. Dr. Johns examined plaintiff but found no glass fragments. On January 7, 1994, plaintiff again requested removal of glass from his head. Plaintiff was examined a second time by Dr. Johns, who was unable to find any foreign matter when he palpated the region.
>
> Plaintiff was subsequently transferred to Corcoran, where the defendants named in this action were employed. On July 13,1994,

4

defendant MacLennan prepared a radiology report regarding x-rays that revealed a small, triangular density consistent with a glass fragment. Defendant MacLennan recommended a CAT scan in order to obtain a more precise evaluation.

Plaintiff was seen by defendant Wilkinson on August 30, 1994 regarding a complaint of headaches and again on November 16, 1994, by Dr. Walhausen, who is not a defendant. Dr. Walhausen found that plaintiff's headaches were unrelated to the glass in plaintiff's head.

On April 12, 1995, Dr. Kordan, who is not a defendant, confirmed that a metallic, approximately 3 millimeter foreign body was embedded in plaintiff's skull. Plaintiff again complained of this fragment on August 3, 1995. In response to plaintiff's administrative appeal, Dr. Akland, who is not a defendant, recommended removal if indicated as appropriate after an x-ray examination. The foreign body was subsequently found to be very small and surgery was not indicated.

Defendant Thirakomen requested a surgical consult regarding the foreign body on August 18, 1995. Defendant Wilkinson requested plaintiff's x-rays for the purpose of conducting the surgical clinic review on September 18, 1995.

Plaintiff was referred for another surgical consultation on February 20, 1996 and was given a skull series x-ray examination on February 26, 1996, which revealed a small triangular opacity. Following the examination, defendant MacLennan recommended further examination and, on May 29, 1996, a CAT scan of plaintiff's skull was ordered. The CAT scan was done on June 26, 1996 and revealed an approximately 2 millimeter foreign body. Defendant MacLennan again drafted a report, which was reviewed by defendant Wilkinson. Defendant Wilkinson reviewed the CAT scan on July 29, 1996 and referred the matter to the medical review committee. Defendant Wilkinson noted the difficulty in localizing so small a foreign object.

On September 4, 1996, the medical review committee found surgery for the purpose of removing the foreign object medically unecessary. The committee further found that the object was small and not causing damage or pain. Plaintiff was subsequently transferred back to Pelican Bay State Prison.

In sum, the undisputed facts show that plaintiff was examined on a number of occasions at Corcoran regarding his complaint about the glass fragment and his desire to have it surgically removed. Removal of the fragment was found to be medically unnecessary and plaintiff's complaint of headaches was found to be unrelated to the glass fragment. Following plaintiff's transfer back to Pelican

Bay, plaintiff was seen by medical staff on more that one occasion, where plaintiff's blurred vision and headaches were not found to be caused by the glass fragment.

In the first amended complaint in which this action proceeds, plaintiff charges defendants with the following conduct.

### Warden Galaza

Plaintiff alleges that Warden Galaza was informed by plaintiff of his medical condition, yet refused to "order his medical personnel to treat me." Plaintiff has not alleged any facts indicating that Galaza knew of a serious harm and acted with deliberate indifference to that harm. The issue in plaintiff's earlier case was whether correctional officials were deliberately indifferent to the medical need at issue in this case. Plaintiff failed to come forward with any evidence of that. The removal of the foreign body was medically unnecessary, and the foreign object was not the cause of his headaches. That plaintiff wrote to Galaza and advised him of his (plaintiff's) belief that he had a serious medical condition does not subject Galaza to liability.

### Dr. Dang

Plaintiff alleges that Dr. Dang "always made threats to the plaintiff and denied plaintiff of his needed medical care treatment." Plaintiff refers to three specific dates (one in 1999 and two in 2003), but does not reference any specific conduct by Dr. Dang. A generalized allegation that Dr. Dang refused treatment is insufficient to state a claim for relief. The gravamen of plaintiff's complaint is the medical care he received for his injury in 1993. The medical care received in response to that medical condition was found to constitutionally sufficient. Defendants were not deliberately indifferent. Plaintiff's generalized allegation that Dr. Dang refused treatment, with nothing more, fails to state a claim.

### MTA Jones and MTA Fahey

Plaintiff alleges that MTA Jones, on May 7, 1999, refused plaintiff treatment for his condition and made an unspecified threat. Defendant Jones specifically told plaintiff to "get medical

6

treatment elsewhere." Plaintiff alleges that MTA Fahey "did the same on the same day of May 14, 1999 denied me of medical treatment told me he will not treat me no matter what I do." The refusal of Jones and Fahey to treat plaintiff for the condition complained of in 1993 does not constitute deliberate indifference. Plaintiff received medical care for that injury. That plaintiff may be displeased with the care, or disagrees with the course of treatment, does not rise to the level of an Eighth Amendment violation. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989). Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff has not alleged any facts indicating that Jones or Fahey knew of and disregarded a serious risk to plaintiff's health or safety.

### C. Hollis

Defendant Hollis interviewed plaintiff in connection with an inmate grievance filed by plaintiff. The grievance concerned plaintiff's medical care at Corcoran. The interview occurred on June 13, 2000. Plaintiff told Hollis that he was still in need of treatment. Hollis advised plaintiff that "their office will not do no investigation or interview this inmate." Hollis allegedly told plaintiff that he "don't car less" if plaintiff receives medical care. Hollis allegedly threatened plaintiff, telling plaintiff that "he is going to make sure this plaintiff doesn't receive anything from no one."

Allegations of threats and harassment do not state a claim cognizable under 42 U.S.C § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong). Plaintiff's allegations do not rise to the level of a constitutional violation. See 42 U.S.C. § 1997(e)(prisoners cannot bring civil suits in federal court for mental or emotional injuries suffered while incarcerated unless they first show that they suffered physical injury). Plaintiff has not alleged any facts indicating that Hollis caused him any injury.

### Dr. Yee

Plaintiff wrote two letters to Dr. Yee on April 30th and May 11th, 1999. The letters requested medical care for plaintiff's condition. Dr. Yee advised Captain McClure to tell plaintiff that "he will not receive medical care." Plaintiff generally alleges Dr. Yee continues to cover up medical personnel misconduct and file false reports. Plaintiff has not, however, charged Dr. Lee with specific conduct that constitutes an Eighth Amendment violation. As with the other defendants, plaintiff appears to be alleging that a failure to properly treat his injury from 1993 is an Eighth Amendment violation. As to that question, the court found that plaintiff received adequate medical care. A refusal to continue treatment for that injury does not constitute an Eighth Amendment violation.

### Linda Melching

Linda Melching was the Chief if Inmate Appeals at the time of the events complained of. Her involvement in this case is limited to, as the complaint alleges, receiving plaintiff's grievances, directing defendant Hollis to interview plaintiff, and threatened plaintiff with denial of medical care. There are no allegations, however, that Melching knew of and disregarded an objectively serious risk to plaintiff's health.

### Dr. Hasdadsri

As to Dr. Hasadsri, plaintiff alleges specific facts indicating that on October 24, 2002, he was seen by Dr. Hasadsri and complained about migraine headaches, dizziness, chest pains and asthma problems. Plaintiff also complained about the failure to have the glass removed from his skull. Dr. Hasadsri allegedly refused to treat plaintiff, and advised plaintiff that "he would not give plaintiff no medical treatment or asthma medication." Liberally construed, the first amended complaint states a claim as to Dr. Hasadsri.

### Dr. Kim

Plaintiff alleges that Dr. Kim denied treatment to plaintiff. Specifically, plaintiff

alleges that he presented with claims of difficulty breathing, blackouts, and loss of vision. Plaintiff also alleges that Dr. Kim intentionally inserted his finger into plaintiff's rectum. Dr. Kim allegedly told plaintiff that "he wants to play with plaintiff asshole with his middle finger to see what plaintiff would do." Liberally construed, the complaint states a claim for relief as to Dr. Kim. Plaintiff does not, however, allege facts that constitute sexual harassment. Plaintiff does not allege that this occurred outside the context of medical care. That Dr. Kim may have engaged in inappropriate verbal conduct during the examination does not constituted sexual harassment. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:     March 23, 2006**                /s/  **William M. Wunderlich**
j14hj0                                       UNITED STATES MAGISTRATE JUDGE